IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GARY GINTER                          §
                                     §
        Plaintiff,                   §
                                     §
v.                                   §        CIVIL ACTION
                                     §        FILE NO.:  1:13-cv-04051-JOF
RAIL LINK, INC., RAILWORKS           §
TRACK SERVICES, INC.,                §
RAILWORKS CORPORATION,               §
GENESEE & WYOMING INC.,              §
GENESEE & WYOMING RAILROAD           §
SERVICES, INC., and                  §
RICHARD MCDOUGALE                    §
                                     §
        Defendants.                  §

## DEFENDANT GENESEE & WYOMING INC.'S
## INITIAL DISCLOSURES

Comes now Defendant Genesee & Wyoming Inc. and, pursuant to Fed. R. Civ. P. 26(a)(1)(2) and L.R. 26.1A, responds to the Court's Initial Disclosures, as follows:

**DISCLOSURE NO. 1**:   If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service

of an amended summons and complaint reflecting the information furnished in this disclosure response.

**RESPONSE**:   Defendant Genesee & Wyoming Inc. contends that it is not a proper party to this action.   Subject to the foregoing contention, Defendant Genesee & Wyoming Inc. is properly identified.

**DISCLOSURE NO. 2**:   Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.   If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**RESPONSE**:   Defendant Genesee & Wyoming Inc. maintains that Genesee & Wyoming Inc. and Genesee & Wyoming Railroad Services, Inc. are not proper parties to this action.   Neither Genesee & Wyoming Inc.'s nor Genesee & Wyoming Railroad Services, Inc.'s employees and/or agents were present at the Rayonier Performance Fibers facility located in Jesup, Georgia at any time relevant to the allegations set forth in Plaintiff's Compliant.   At no time has any employee or agent of Genesee & Wyoming Inc. or Genesee & Wyoming Railroad Services, Inc. performed any work or exercised any control of any work performed at the Rayonier Performance Fibers facility in Jesup, Georgia.

Neither Genesee & Wyoming Inc. or Genesee & Wyoming Railroad Services, Inc. have sufficient minimum contacts with the State of Georgia to confer personal jurisdiction over these Defendants.  Further, neither Genesee & Wyoming Inc. or Genesee & Wyoming Railroad Services, Inc. have been served with process.

**DISCLOSURE NO. 3**:  Provide a detailed factual basis for the defense or defenses and any counterclaims or cross claims asserted by defendant in the responsive pleading.

**RESPONSE**: Defendant Genesee & Wyoming Inc. contends that it is not a proper party to this action.   Subject to the foregoing contention, Defendant Genesee & Wyoming Inc. states that neither its employees and/or agents were present at the Rayonier Performance Fibers facility located in Jesup, Georgia at any time relevant to the allegations set forth in Plaintiff's Complaint.  Further, at no time has any employee or agent of Genesee & Wyoming Inc. performed any work or exercised any control of any work performed at the Rayonier Performance Fibers facility in Jesup, Georgia.

Genesee & Wyoming Inc. does not have sufficient minimum contacts with the State of Georgia to confer personal jurisdiction over it.  Genesee & Wyoming Inc. has not been served with process.

**DISCLOSURE NO. 4**:  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**RESPONSE**:   Defendant Genesee & Wyoming Inc. contends that it is not a proper party to this action.  Subject to the foregoing contention, common law negligence, personal jurisdiction, O.C.G.A. § 9-10-91; *Diamond Crystal Brands v. Food Movers Intern.*, 593 F.3d 1249 (11th Cir. 2010); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).  Discovery is ongoing and Defendant reserves the right to supplement its response to this disclosure as additional facts are discovered.

**DISCLOSURE NO. 5**:  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Responses to Initial Disclosures as Attachment A.)

**RESPONSE**:  Defendant Genesee & Wyoming Inc. contends that it is not a proper party to this action.  Subject to the foregoing contention, see Attachment A. Discovery is ongoing and Defendant reserves the right to supplement its response to this disclosure as additional facts are discovered and developed.

-4-

**DISCLOSURE NO. 6**:  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in F.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B).

**RESPONSE**:  Defendant Genesee & Wyoming Inc. contends that it is not a proper party to this action.  Subject to the foregoing contention, see Attachment B.  Discovery is ongoing and Defendant reserves the right to supplement its response to this disclosure as additional facts are discovered.

**DISCLOSURE NO. 7**:  Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C).

**RESPONSE**:  Defendant Genesee & Wyoming Inc. contends that it is not a proper party to this action.  Subject to the foregoing contention, see Attachment C.  Discovery is ongoing and Defendant reserves the right to supplement its response to this disclosure as additional facts are discovered.

**DISCLOSURE NO. 8**:  In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy or description by category and location of the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under F.R.Civ.P. 34.  (Attach copies and descriptions to Responses to Initial Disclosures as Attachment D.)

**RESPONSE**:  Defendant Genesee & Wyoming Inc. contends that it is not a proper party to this action.  Subject to the foregoing contention, Defendant Genesee & Wyoming Inc. does not claim any damages.  Defendant Genesee & Wyoming Inc. reserves the right to pursue all legal remedies available in defense of this claim.

**DISCLOSURE NO. 9**:  If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE**:  Defendant Genesee & Wyoming Inc. contends that it is not a proper party to this action.  Subject to the foregoing contention, upon information

and belief, the following entities who are not named in the instant lawsuit may be liable to Plaintiff:

Rayonier Performance Fibers
4470 Savannah Hwy
Jesup, GA 31545

Rayonier Performance Fibers may be liable to Plaintiff if it is determined that the area where Plaintiff was injured was under the control of this entity at the time of the alleged injury.

**DISCLOSURE NO. 10**:  Attach for inspection and copying as under F.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreements to Responses to Initial Disclosures as Attachment E.)

**RESPONSE**:  Defendant Genesee & Wyoming Inc. contends that it is not a proper party to this action.  Subject to the foregoing contention, see Attachment E.

Respectfully submitted this 13th day of January, 2014.

**CASEY GILSON P.C.**

**/s/ Robert E. Casey, Jr.**
**ROBERT E. CASEY, JR.**
Georgia Bar No.: 115605
**GLENN C. TORNILLO**
Georgia Bar No.: 714754

*Attorneys for Defendants Rail Link, Inc.*
*Genesee & Wyoming Inc., Genesee*
*& Wyoming Railroad Services, Inc.*
*and Richard McDougale*

980 Hammond Drive, Suite 800
Atlanta, GA  30328
770-512-0300
770-512-0070 - (fax)

## ATTACHMENT A

Gary Ginter, Plaintiff

Mr. Ginter has information pertaining to the incident and his alleged injuries.

Richard McDougale
Rail Link Operation Manager
Mr. McDougale can be connected through counsel.

Mr. McDougale has information pertaining to the work being performed by Rail Link, Inc. at the time of the alleged incident.

## **ATTACHMENT B**

Defendant has not yet retained any expert witnesses.

# **ATTACHMENT C**

None at this time.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| GARY GINTER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION |
| | § | FILE NO.:  1:13-cv-04051-JOF |
| RAIL LINK, INC., RAILWORKS | § | |
| TRACK SERVICES, INC., | § | |
| RAILWORKS CORPORATION, | § | |
| GENESEE & WYOMING INC., | § | |
| GENESEE & WYOMING RAILROAD | § | |
| SERVICES, INC., and | § | |
| RICHARD MCDOUGALE | § | |
| | § | |
| Defendants. | § | |

## CERTIFICATE OF SERVICE
## AND COMPLIANCE WITH LOCAL RULE 7.1(D)

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing *Defendant's Initial Disclosures* has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

I further certify that I have this day served a copy of the within and foregoing *Defendant Genesee & Wyoming Inc.'s Initial Disclosures* with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

-12-

James A. Rice, Jr.
James A. Rice, Jr., P.C.
563 Spring Street, NW
Atlanta, GA  30308

Railworks Corporation
c/o Corporation Service Company
40 Technology Parkway South
Suite 300
Norcross, GA  30092
Via Regular Mail

Railworks Track Services, Inc.
c/o Corporation Service Company
40 Technology parkway South
Suite 300
Norcross, GA  30092
Via Regular Mail

This 13th day of January, 2014.

**CASEY GILSON P.C.**

**/s/ Robert E. Casey, Jr.**
**ROBERT E. CASEY, JR.**
Georgia Bar No.:  115605
**GLENN C. TORNILLO**
Georgia Bar No.:  714754

*Attorneys for Defendants Rail Link, Inc.*
*Genesee & Wyoming Inc., Genesee*
*& Wyoming Railroad Services, Inc.*
*and Richard McDougale*

980 Hammond Drive, Suite 800
Atlanta, GA  30328
770-512-0300
770-512-0070 - (fax)
rcasey@caseygilson.com

763778v1

-13-